

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. N. Jones, President
Texas College of Arts and Industries
Kingsville, Texas

Dear Sir:

Opinion No. O-6993
Re: Authority of Board of
Directors of Texas College
of Arts and Industries to
borrow money for purchase
and erection of housing
units.

This is in response to the request contained in your letter of December 14, 1945, for the opinion of this department upon the authority of the Board of Directors of the Texas College of Arts and Industries to borrow "a sum) approximately Forty Seven Thousand Dollars ($47,000.00) . . . . for purposes of setting up a proposed Veterans housing project as an emergency measure to meet the existing serious shortage."

Supplementing your letter by conference with the Attorney General, you advised that it is proposed to borrow this sum of money from a local bank by revenue note. The bank is concerned with the authority of the Board to assume this character of obligation and also with the question of whether the Board can make payments on the note from its local or institutional funds in the event that revenues from the housing project are inadequate.

The following statutes are pertinent to the question presented:

Article 2603c, Sec. 1.

" . . . the Board of Directors of the College of Arts and Industries are hereby severally authorized and empowered to construct or acquire through funds or loans to be obtained from the Government of the United States, or any agency or agencies thereof, created under the National Recovery Act,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

or otherwise created by the Federal Government
or from any other source private or public,
without cost to the State of Texas, and accept
title, subject to such conditions and limita-
tions as may be prescribed by each of said
Boards, dormitories, kitchens and dining halls,
hospitals, libraries, student activity buildings,
gymnasia, athletic buildings and stadia, and such
other buildings as may be needed for the good of
the Institution and the moral welfare and social
conduct of the students of such institutions when
the total cost, type of construction, capacity
of such buildings, as well as the other plans and
specifications have been approved by the respec-
tive Governing Boards; provided, however, that
the Legislature shall never make an appropriation
out of the general fund of this State, either in
the regular appropriation bill or in a supple-
mental or emergency appropriation bill, for the
purpose of equipping or for the purpose of pur-
chasing and installing any utility connections
in any of the buildings erected under and by
virtue of the provisions of this Act."

Sec. 2.

". . . .

"That said Boards are further authorized to
make any contract with reference to the collec-
tion and disposition of the revenues derived from
any building so constructed in the acquisition or
construction, management, and maintenance of any
building or buildings acquired hereunder. In refer-
ence to the acquisition of student activity build-
ings, stadia, gymnasia, and all character of athletic
buildings, said Boards are authorized also to make
contracts with reference to the collection and dis-
position of revenues to accrue to such respective
institutions from activities, athletic events, and
games in which said respective institutions par-
ticipate away from said institutions, as well as

at said institutions; and in anticipation of the collection of such revenues, and for the purpose of paying the cost of the construction or acquisition of said building or buildings and grounds, said Boards <u>are severally empowered by resolution to authorize, sell, and deliver its negotiable bonds or notes from time to time and in such amount or amounts as it may consider necessary.</u> The fees and charges so fixed for the use of any such building or buildings shall not be collected after payment in full shall have been completed for the building or buildings for which said fees shall be pledged. Thereafter the right of said respective Boards to fix charges and fees shall depend on laws other than this Act as hereby amended. <u>Any bonds or notes issued hereunder shall bear interest at not to exceed six (6%) per cent per annum, and shall finally mature not more than forty years from date.</u> (Emphasis supplied.)

Sec. 3. Subject to the above restrictions, each of said Boards is given complete discretion in fixing the form, conditions and details of such bonds or notes. Any bonds or notes issued hereunder shall not be an indebtedness of the State of Texas, but shall be payable solely from the revenues to be derived from the operation of said buildings; provided that such bonds may be refinanced by the said Boards whenever such action is found by the Board to be necessary.

". . . .

Sec. 4.

"Each of said Boards is authorized and empowered to pledge all or a part of such revenues to the payment of such bonds or notes, and to enter such agreements regarding the imposition of sufficient charges and the collection, pledge and disposition of such revenues as it may deem proper. In all cases where

existing buildings or structures are repaired or
enlarged or to which additions are constructed,
the board shall also have the power and are here-
by authorized to pledge, incumber and/or dispose
of the net revenues of such existing buildings or
structures as well as to pledge, incumber and/or
dispose of the revenue derived from the additions
or improvements to such structures.

". . . .

"Each of said boards is hereby authorized and
empowered to pledge the unused part of any revenues
from self-liquidating buildings for the construction
of any other buildings such board may deem necessary.
Each of said boards is authorized and empowered to
pledge the rentals of dormitories, cottages, or other
income bearing property for the repair, enlargement,
or construction of any other buildings such board
may deem necessary."

Article 2909a.

Section 1.

". . . . . . the Board of Directors of the College
of Arts and Industries are hereby authorized and em-
powered to erect and equip, and to contract with any
person, firm or corporation, for the erection, completion
and equipping of dormitories, cottages, or stadiums, to
be erected either on the campus or real estate then
owned by said colleges, or on other real estate pur-
chased or leased for the purpose, and the said Boards
of Directors are hereby expressly authorized to pur-
chase, or lease, additional real estate for such
purposes, provided said Institutions have sufficient
surplus from local funds, but not exceeding twenty-
five (25%) per cent of the total for any fiscal year,
to pay cash for any purchase of land; or the purchase
of land is made from funds derived from the sale of
revenue bonds or notes. The bonds or notes authorized
herein are to be paid solely from the revenues of the
dormitories, cottages and stadium, and shall never be
charged against the State nor any appropriation made

by the State nor shall any portion of said appropria-
tion ever be used for the payment of said notes or
bonds; nor shall any local or institutional funds in
excess of twenty-five (25%) per cent of the total for
any calender year ever be used for the payment of said
notes or bonds. It being the intention of the Legis-
lature to authorize the payment of said notes and bonds
solely from revenues derived from the improvements
authorized herein and an emergency to be supplemented
from local funds not exceeding twenty-five (25%) per
cent for any fiscal year.

Sec. 3.

"In payment for the erection, completion and
equipping of such dormitories, cottages and stadiums,
and the purchase of the necessary sites thereto, the
Boards aforesaid are further authorized and empowered
to issue their obligations in such sum or sums and upon
such terms and conditions as to said directors may seem
advisable, and as security for the payment thereof to
pledge the net rents, fees, revenues and incomes from
the improvements to be erected hereunder. Any bonds or
notes issued hereunder shall bear interest at the rate
not to exceed six (6%) per cent per annum and shall
finally mature not more than twenty years from date.
(Emphasis supplied.)

Sec. 4.

"The aforesaid Boards are hereby authorized and
empowered to pledge the unused part of any revenues
from self-liquidating buildings for the construction of
additions to said buildings or the construction of any
other buildings and the purchase of the necessary sites
thereto such Boards may deem necessary, provided that
any subsequent issue of revenue bonds or notes shall be
a second lien on said net revenues, rents, fees and
incomes and shall be inferior to any outstanding revenues,
bonds or notes which are secured by a pledge of said net
revenues, rents, fees and incomes.

Sec. 5.

"The Boards aforesaid are hereby authorized
and directed to establish and maintain such schedule
of rates, fees and charges for the use of the facil-
ities afforded by its dormitories, cottages and
stadiums, and the revenue from the athletic fields
and stadiums, which rates, fees and charges shall
be in an amount at least sufficient to pay the oper-
ating and maintenance charges thereof and to pay the
principal and interest representing the indebtedness
against said revenues, rents, fees and incomes.

Sec. 7.

"All revenue bonds shall be examined and approved
by the Attorney General of the State of Texas; and the
State Auditor shall approve such revenue bonds or reve-
nue notes after an examination of revenues which shows
a reasonable prospect of adequate rents, income, fees
or charges to pay principal and interest, and all ap-
proved bonds shall be registered in the office of the
Comptroller of Public Accounts of the State of Texas."

It will be noted that under the provisions of Article
2603o, the Board is authorized to issue its revenue note for
the purposes set forth in your letter, the statutory conditions
being that the note shall bear interest at not to exceed six
per cent (6%) per annum, and shall finally mature not more than
40 years from date. Interpreting this statute, Opinion No.O-1694,
of this department, held that under the provisions of Article
2603o, the Board of Regents of the State Teachers College of
Texas was authorized to execute a $10,000 note, payable in 18
years, for the construction of a post office building on the
main campus of North Texas State Teachers' College. The opinion
further held that the Board of Regents was not empowered to pledge
local funds which may be available several years in the future for
the payment of this note. The opinion pointed out that Art. 2909a
did not apply because of the type of building desired to be
erected.

Article 2909a, however, does apply to "dormitories" or "cottages" which are the class of buildings your Board desires to contract for and erect. It is noted that this Article authorizes your Board to issue its revenue note, the conditions being (Sec. 3) that such note shall bear interest at a rate not to exceed 6% per annum and shall finally mature not more than 20 years from date. In Opinion No. O-1273, this department held that Section 1 of Article 2909a ". . . . expressly provides that in the event the revenues derived from such improvements are insufficient to meet the annual debt requirements, then and in that event the funds may be supplemented from local funds not exceeding 25% for any fiscal year...." Opinion No. O-6836 advised the Board of Regents of the State Teachers' Colleges that North Texas State Teachers College was authorized to retire revenue bonds issued for the construction of certain college buildings by using a surplus in its local fund.

In passing, we call your attention also to Article 2654d which provides that your Board of Directors may retain control of all local funds and place the same in a local depository. By Section 8a of this Statute, such control is made subservient to the will of the Legislature, as expressed in its biennial appropriation bill. In this connection, we point out that the provisions of the appropriation bill for the educational institutions of the State, as enacted by the 49th Legislature, appropriates such local funds for "improvements" and other purposes. See Chapter 377, Acts of the Regular Session of the 49th Legislature, p. 804.

You are therefore respectfully advised that, in the opinion of this department, your Board may proceed under either Articles 2909a or 2603c to effect the loan in question. Provisions for its payment may be made as provided in either of said Articles.

APPROVED DEC 17 1945

*[signature]*

ATTORNEY GENERAL OF TEXAS

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *[signature]*
Jas. D. Smullen,
Assistant.

JDS:rt

APPROVED
OPINION
COMMITTEE
BY *[signature]* 3
CHAIRMAN